Barker, J.
—The plaintiff asks for a judicial construction of the last will and testament of Benjamin Whitlock, deceased. The will has been duly admitted to probate, and letters testamentary issued to the plaintiff, who is one of the devisees named therein and also one of the heirs-at-law of the testator. The decedent devised a portion of the real estate of which he died seized, in severalty to his children, and the effect of some of the provisions relative thereto and the nature and extent of the estate vested in them thereby is so obscure and doubtful as to give the court jurisdiction as provided by section 1866 of the Code of Civil Procedure, for the purpose of determining the rights and interests of the several legatees and devisees. Adams v. Becker, 13 N. Y. State Rep., 41.
The deceased left him surviving his wife, also children and grand-children, all of whom are made parties to the action. Kate Forfar, one of the daughters, is the only appellant, and the other parties acquiesce in tlie construction put upon the will. The decree adjudicates the rights of all the parties under the will, and defines the powers and duties of the executors, who are trustees for certain purposes, and determines that they possess the power to convey certain parcels of real estate owned by the testator at the time of his death.
We are unable to concur, in all respects, in the construction placed upon the will by the judgment, and are of the opinion that some of the rights and interests of the appellant, under the will, have been defeated by the construction placed on the same. If we are correct in our views, as hereafter expressed, then the errors which have occurred also defeat the strict rights of some of the other devisees and legatees, who have not appealed. By a modification of the judgment, we shall attempt to secure to the appellant all her rights .and interests as legatee and devisee under her father’s will, and also as one of his heirs-at-law entitled to share in the undevised part of his estate, and in all other respects allow the judgment to stand.
The most important question in dispute, as well as the one most difficult of solution, arises under the clauses of the will devising certain parcels of land to his sons, Henry and Levi, in severalty. The testator gives to Henry a life estate in a parcel of land, and the remainder thereof to his *558 children in fee with a provision attached, viz.: “ By paying the sum of $3,000 to my executor, or to whom I may direct hereafter, the amount is to be paid to Aletta or Kate as their part which I give to them.” By the next clause of the will the testator devises to Levi, the use of a parcel of land for life, and the rest to his children in fee, with a provision as follows: “By paying to my executors hereinafter named the sum of $3,000; money to go to one of his sisters as I may direct hereafter.” In subsequent clauses the gift to the daughters Aletta and Kate, mentioned in the clauses just quoted from, is again referred to, and the time and manner of payment is fixed for as follows: “ I also give to my oldest daughter Aletta, now Mrs. Aletta Sylvester, the sum of $3,000, to receive the interest on that sum at six per cent, till my executors shall pay the principal sum as may be directed hereafter.”
“I also give to my daughter Kate, now Mrs. Kate Forfar, the sum of $3,000, to receive the interest on that sum at six per cent, till my executors may pay the principal as I may direct hereafter. If she should not be living the same must be kept in trust for her heirs, if she leaves any that may become of age, otherwise her part will fall back to her brothers and sisters “that may be living.” No further direction is given by the term of the will as to the interest and estate which his daughters, Aletta and Kate, shall respectively have in the bequest of $3,000 made to each of them, or indicating that it was the intention of the testator to create a trust of the sums so bequeathed and only the interest and income derived therefrom be paid over to his daughters during their lifetime. The special term held that the appellant, Kate Forfar, is entitled to receive only the interest on the sum of $3,000 for the period of her natural life to be paid to her annually by the executors, as trustees, and that she had no other interest or estate therein, without giving any instructions as to whom the principal sum should be paid at her death.
The decree also provides that the parcels of land devised respectively to Henry and Levi were not charged with the payment of the said legacies to Aletta and Kate, or either of them, and, in effect, it is decreed that the said sum of $6,000, constituting the trust fund, should be realized out of the undevised portions of the testator’s real estate.
These provisions of the judgment, we think, are erroneous, as we are of the opinion that, by the terms of the devise to Henry and Levi respectively, each parcel of land was charged with the sum of $3,000, to be paid to an executor, and by him to be paid over to Aletta and Kate; that the gift of $3,000 to the appellant was absolute, and that she is entitled to receive the same in her own right, *559 and that the executors have no control over the same as trustees for the uses and purposes declared by the judgment. The intention of the testator in making provision for his daughters is not aptly or clearly expressed, yet his purpose is discovered on reading the other provisions of the will in connection with the clauses above quoted.
It cannot be doubted but that it was his intention to give each of his daughters $3,000, and that sum was to be realized by payments to be made by Henry and Levi as a condition attached to the devise made to them and their children. The reference made to the death of the appellant by the use of the words, “if she should not be living,” refers to the event of her death in the testator’s life-time. By these words reference is made to a condition of things which might have existed if his daughter Kate had died in his life-time; with an intention of disposing of the sum mentioned in the bequest in case her death happened prior to his own. This construction is aided by a reference to the provision made for Aletta.
In the clause of the will making _ provision for this daughter no words are used indicating an intention to create a trust to be held by the trustees during her lifetime, limiting her interest in the fund to the interest and income derived therefrom.
It appears to be quite certain that the testator intended to make like provisions for each of his daughters, Aletta and Kate, by giving to each the same amount of money to be paid to them at the same time and to be realized from the same source if they should both survive him.
The time for the payment of these bequests was indicated in the clause giving direction to the executors, requiring them to distribute the estate as provided in a subsequent paragraph of the will, and until that event happened they were required to pay interest on these bequests. The sons and his other daughter received their portions in real estate and they were allowed to enter into the possession and enjoyment of the same bn the death of their father, and for the purpose of securing to Aletta and Kate immediate enjoyment of the bequests to them interest was directed to be paid thereon from the death of the testator.
As it is not necessary to reverse or modify the judgment so far as it adjudicates and determines the rights of the respondent Aletta, for the purpose of securing to her all her rights and interests under the will, the decree will be modified and corrected so as to provide that the legacy of $3,000 bequeathed to the appellant, is a lien on the lands devised to Henry and Levi, respectively in the sum of $1,500 each. Loder v. Hatfield, 71 N. Y., 92; 1st Dem., 57; Harris v. Fly, 7 Paige, 421; Salisbury v. Morss, 7 Lans., 365.
*560 The appellant has a pecuniary interest in the question as to source from which the sum of $3,000 is to realized for the purpose of paying the bequest to her, as she is also entitled to share in the portions of her father’s estate, both real and personal, so far as the same is undisposed of by his will.
As to the Hartman farm, the title of which was acquired by the testator after the making of the will we are unable to find any provision therein giving the executors power to sell and convey the same, and such parts of the decree as determine that they have, should be reversed.
In giving construction to the provisions relative to the homestead farm it was held that the executors possess the power to sell the same and divide the proceeds on the basis stated in the decree. We entertain serious doubts as to their power to sell those lands for any purpose. But as we are of the opinion that the appellant is not entitled, by any construction which can be given to the will to any greater sum than $1,000, which is directed to be paid to her out of the proceeds of the sale, by the provisions of the judgment, we have concluded not to disturb the same in that respect, except so far as it provides that it shall be paid to the executors as trustees, to be held by them in trust for her benefit, and as to such parts the same is reversed and the principal sum of $1,000 directed to be paid over to her in her own right.
By the judgment, the fund directed to beheld in trust, by the executors for the benefit of Aletta, is to be realized out of property not specifically devised by the will instead of directing the fund to be realized out of the lands devised to Henry and Levi. The decree should be modified so as to protect the appellant from any loss from carrying into effect this provision. This modification is in order, neecessary to protect the appellant’s interests, for she is entitled to share in the residue of the estate, which would be increased if the bequest to Allettais realized out of the lands given to Henry and Levi, as we think such was the intention of the testator.
The modifications which we have suggested, will fully secure to the appellant all her rights and interests under her father’s will.
As it is found as a fact that the personal property was insufficient to pay the debts owing by the testator, the only interest which the appellant has in the estate of her father, after the payment to her of the specific bequests to which she is entitled, will be in the Hartman farm, which, as between the legatees and devisees, is the proper source from which to,derive funds to discharge the unpaid indebtedness.
The purposes of this action are fully obtained without *561 passing upon the minor questions presented, such as the mode and manner of enforcing the lien as established in the appellant’s favor, or in whose name an action for that purpose should be prosecuted, if one becomes necessary, or from what; time the interest on the bequest to the appellant should be computed.
The judgment to be modified in accordance with these views, and the order settled by Mr. Justice Barker. Costs tó appellant and respondent to be paid but of the fund.
All concur.