CONKLIN *vs.* MOORE.

*In the matter of the Estate of* GEORGE DOMINICK, *deceased.*

THE will gave the testator's daughter E. the use of certain property for life, and on her decease, directed a sale and the distribution of the proceeds. Among the legacies was one to M., to be paid to her "in small sums from time to time," at the discretion of the executors. The legatee survived the testator, but died before the life-tenant. *Held,* that the direction to convert into money was absolute; that the interest of the legatee in the remainder, after the termination of the life estate, was not contingent on her surviving the life-tenant, but she took a vested legacy on the testator's death, which, in case of her decease before payment, passed to her legal representatives. *Held,* also, that the discretion of the executors, in respect to the legacy to M., related to the time and mode of payment, and did not prevent the vesting of the legacy.

SHEPARD & VOSE, *for Petitioner.*
E. C. BENEDICT, *for Executors.*

THE SURROGATE. The testator, after giving his daughter Elizabeth the use of certain property, real and personal, for the term of her natural life, directed that "upon her death," "or as soon thereafter as may be with convenience and advantage to the persons interested," the estate should be sold, and "out of the proceeds thereof the following legacies be paid, to wit, To Margaret, daughter of my son George, &c., two hundred and fifty dollars, to be paid by my executors into her own hand, and upon her own personal receipt, and in small sums from time to time, at the discretion of my executors."

Margaret Redstone, the legatee, survived the testator, but died before the decease of Elizabeth, the life-tenant. Her administrator now applies, on the expiration of the life-estate, for the payment of the legacy. The direction to sell

the estate and convert it into money is absolute ; so that the property is to be considered as personalty, out of which, after the termination of a previous interest, the legatees are to be paid. It is substantially a gift for life to E., with remainder in certain proportions or sums to other persons. This class of legacies in remainder does not depend on the contingency of the legatees surviving the life-tenant. The rule in such cases is, that the interests of the first and subsequent takers all vest together on the death of the testator. I am, therefore, of opinion that the legacy of two hundred and fifty dollars to Mrs. Redstone was vested. The particular directions as to its payment into her own hand, on her own personal receipt, and in small sums from time to time at the discretion of the executors, do not affect the vesting of the legacy. The legatee being a married woman, the intention was to provide securely for her enjoyment of the sum bequeathed, and the discretion given the executors relates only to the time and mode of payment. Her administrator is now entitled to an order for the payment of the whole sum, with interest from the decease of Elizabeth, the testator's daughter.