ORANGE COUNTY.—HON. GILBERT O. HULSE, SURROGATE.—SEPTEMBER, 1871.

## YOUNG v. CASE.

*In the matter of the final accounting of* ELIZABETH CASE *and* GEORGE W. NEWMAN, *executors, &c., of* WILLIAM CASE, *deceased.*

A gift of all testator's estate real and personal to "my daughter E., and my grandson W. (after the death of my wife), to have to their own proper use, share and share alike," vests on testator's death: and on the death of one of the legatees, before the death of the widow, his share goes to his next of kin.

THIS was a proceeding for the final accounting of the estate of William Case, deceased.

The testator died at the town of Hamptonburgh in Orange County on the 19th day of December, 1868, having previously thereto executed his last will and testa-

ment which was duly proved and admitted to probate by the Surrogate of said County, on the 30th day of March, 1869. Elizabeth Case and George M. Newman qualified as executrix and executor therof.

He left him surviving Jane Case, his widow, who died on the ninth day of August, 1871, Elizabeth Case, above named, his daughter, Sarah Jane Moore, a daughter who has since died, and Sarah J. Dickinson, daughter, and William C. Young, a son by a daughter then deceased.

William C. Young died within the county on the eighth day of August, 1871, intestate and unmarried, leaving him surviving his father James A. Young (who is a lunatic now confined in a lunatic asylum, for whom Silas C. Young is the committee) his only heir at law, and next of kin.

William Case gave all his property, real and personal, to Jane his wife, during the term of her natural life. After the death of his wife, he gave his *real estate* to his daughter Elizabeth, and his grandson, William C. Young; and the *personal estate* he gave as follows : "I give and bequeath all my personal estate of what " kind soever to my said daughter Elizabeth, and my " said grandson William C. Young, (after the death of my " wife) to have to their own proper use share and share " alike."

William C. Young having died before Jane Case, the widow, (some 24 hours before her) the question arose as to whom the share given to him went, or whether by reason of his death, before the death of Jane Case, the gift to him *lapsed.*

DILL & ROYCE, *for the Executors.*

DURYEA, BACON & DURYEA, *for* SILAS C. YOUNG.

THE SURROGATE.—The general rule is well settled

that where the legatee dies before the testator, the legacy will lapse (2 *Redfield on Wills*, 484 ; 2 *Williams on Executors*, 1084).

But the statute of this state saves the legacy given to a child or other descendant who shall die in the life-time of the testator leaving à child or other descendant (2 *R. S.* 66 § 52; *Van Beuren* v. *Dash*, 30 *N. Y.* 393.) William C. Young did not die before William Case the testator. He was a descendant, but the statute has no application to the case, as he died after William Case and left no child or descendant him surviving, so that the question rests upon the common law.

It seems to be well settled that a gift to one for life and after his or her death to another, vests in both immediately upon the death of the testator. The life tenant will enjoy the gift for life, and upon the death of the life tenant, the remainderman comes into possession; it is the enjoyment only that is posponed. (2 *Redfield on Wills*, 506. (32) ; 1 *Jarman on Wills*, 750 : 4 *Madd. R.*, 411 ; *Hulme* v. *Hulme*, 9 *Sim.*, 644 ; *Conklin* v. *Moore* 2 *Bradf.*, 179; *Arcularies* v. *Geisenhainer*, 3 Id., 75 ; *Laroque* v. *Clark*, 1 *Redfield*, 471.)

In *Williams on Executors* this rule is laid down: " When a person bequeaths a sum of money or other personal estate to one for life, and *after his* decease to another, the interest of the second legatee is vested, and his personal representatives will be entitled to the property, though he die in the lifetime of the person to whom the property is bequeathed for life." (2 *Williams on Ex.*, 776 ; *Barker* v. *Woods*, 1 *Sandf. Ch.*, 131.)

This rule I find sustained by every reported decision I have met with, and the same rule must be applied here.

William C. Young, died after the testator (William Case), and the share given to him by the will of William Case became vested in him immediately upon the

death of William Case, but the enjoyment thereof was postponed until the death of Jane Case, widow of William and although William C. Young died before Jane (the widow) and could not enjoy the testator's bounty, still it belonged to him, and upon the death of Jane Case, his father James A. Young as heir at law, and next of kin, became entitled to the possession of his share.

A decree must therefore be entered directing the share given to William C. Young, to be paid to Silas C. Young, the committee of the said lunatic James A. Young.

Decree accordingly.