NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE, MARCH 1877.

TALMADGE. v. WILLIAMSON.

*In the matter of the Estate of* JOHN WILLIAMSON, *deceased.*

As a general rule legacies vest immediately on the testator's death, and words making them payable at a later time, do not prevent immediately vesting, unless an intent to postpone vesting is clearly manifested.[*]

The will, after giving a life estate to the widow, added a direction that the executors divide the remainder, and all arrearages of income, etc., into parts, and pay and assign over one such part to each of certain legatees, the issue of any one dead, to take the portion the deceased parent would have taken. *Held,* that the gifts vested in interest at the testator's death.

The fact that the gifts to females among them, should be free from the control of husbands, etc., did not alter the construction in this respect.

This was a proceeding in the matter of the estate of John Williamson, deceased, for the final accounting of Richard Williamson, Jr. executor.

The question submitted for determination was, whether a legacy to the testator's niece, Isabella Tal-

_____

[*] See *Lynch* v. *Mahoney, ante,* 434.

madge one of the children of his deceased sister, Isabella Montgomery, vested at the decease of the testator, or lapsed, she having died without issue before the death of testator's widow, who, by the will, was entitled to the income of the estate, during her life.

The will in question, among other things, provided that the trustees appointed should collect the residue of the testator's personal estate, and convert his real estate into money, and invest the same, and pay to his wife the residue of the net income, after payment of an annuity to the daughters of his deceased nephew, during her natural life; and on the death of his said wife, to pay out of the principal, $10,000 to his nephew, and $5,000 to such persons as his said wife should, by a last will and testament, limit and appoint, " and to divide all the rest and residue of the principal of the said estate, and all arrearages of interest, or income arising therefrom, into five equal parts, and to pay and assign over one equal part thereof, to each of the following named children of my deceased sister, Isabella Montgomery, viz., William J. Montgomery, John A. Montgomery, Isabella, wife of Henry Talmadge, and Margaret, wife of Anthony V. Winans, the lawful issue of such one of said children, as may then be dead, taking the portion of their deceased parents, share and share alike, and the other equal part thereof, to pay and assign over to the two daughters of my deceased nephew, John Williamson and the survivor of them, and the heirs of such survivors." In a subsequent clause, the testator stated that the bequests to females were to be taken for their separate, and sole use, and not to be subjected to the control or liablity for the debts of their husbands.

VANDERPOEL, GREEN & CUMING, *for the executors.*

ROBERT BENNER, *for next of kin.*

THE SURROGATE.—Upon reading the peculiar language of the will in question, it occurred to me whether there was not a distinction to be recognized between those bequests which the will gives *in præsenti*, to a legatee, subject to a life interest, and those cases where the gift seems to be *in futuro*, as in this case upon the death of the wife, the trustees being directed to pay and assign over, &c.

But upon a more careful examination and consideration of the case, it seems to me that in the language of the Surrogate in *Conklin* v. *Moore* (2 *Bradf.*, 179), this will substantially gave a life estate to the widow, with remainder in equal proportions to the children of his deceased sister, &c.

In the case last cited, the language of the will seems to have been substantially identical with that of the will under consideration. (See also *Marsh* v. *Wheeler*, 2 *Edw. Ch.*, 156; *Van Wyck* v. *Bloodgood*, 1 *Bradf.*, 172; *Hayes* v. *Gourley*, 1 *Hun*, 38.) Many more authorities might be cited, but sufficient have been mentioned to establish to my satisfaction, the fact that the legacy of Isabella Talmadge vested at the death of the testator, and therefore goes to her personal representatives.

It was urged on the argument of this matter, that the fact that the testator provided in a subsequent clause of his will, that the bequest to the females should not be for the benefit of their husbands, or liable for their debts, was an indication that he did not intend to vest the legacies until the death of his widow. But I am not able to appreciate the force of the argument, or concur with the idea that for the purposes of the legatees, and their children, the legacy should be regarded as vested, but for the purpose of preventing the husbands from participation in the testator's estate, the legacy was to be regarded as contingent.

Let a decree be submitted, distributing the estate as provided by the will, except as to one-fifth interest bequeathed to Elizabeth, deceased, and that share to be given to her personal representatives.