IN THE MATTER OF THE APPLICATION OF DANIEL BOGART, EXECUTOR, ETC., OF DANIEL HEGEMAN, DECEASED.

*Legacy — when vested — a debt due from the legatee may be set off against it — right of a mortgagee to insure the property.*

A testator gave and bequeathed to his wife the use of all his property, both real and personal, during her life, and at her death he gave and bequeathed to his son, " his heirs or assigns," the sum of $2,000.

*Held*, that the son took a vested interest in the legacy at the time of the testator's death, and that his children acquired no interest therein.

The executors have a right to set off against a claim made for a legacy a debt due from the legatee to the testator, even though the debt has been, by the

lapse of time·subsequent to the testator's death, barred by the statute of limitations.

A. mortgagee has a right to insure the property covered by the mortgage and add the amount of the premium to the mortgage debt, independent of any express authority so to do contained in the mortgage.

Appeal from a decree of the surrogate of Queens county, settling the account of Daniel Bogart, as executor, etc., of Daniel Hegeman, deceased, and permitting him to resign.

The testator died on May 24, 1867. By his will he gave and bequeathed to his wife, during her life, the use of all his property, both real and personal. At her death, he gave and bequeathed certain legacies to his daughter; and the will further provided, "At the death of my wife, Henrietta Hegeman, I give and bequeath to my son, Robert H. Hegeman, his heirs or assigns, the sum of $2,000."

The testator, at the time of his death, had notes made by his son amounting in the aggregate to $1,000. These notes were received by the executor, but never collected, and were, by the lapse of time subsequent to the testator's death, barred by the statute of limitations. The surviving executor was credited with them as assets by the surrogate upon the passage of his accounts. The executor loaned money belonging to the estate to the son, secured by a mortgage upon real estate owned by him in Missouri. The executor paid six dollars and seventy-five cents for insuring the buildings upon the farm, although the mortgage contained no insurance clause

*Henry A. Monfort*, for Henrietta, Sarah D. and Daniel A. Hegeman, legatees, appellants.

*Richard B. Tunstall*, for Daniel Bogart, executor, respondent.

Gilbert, J.:

I think that the surrogate correctly decided that the executor was entitled to be allowed the notes of Robert Hegeman, on turning over the assets in his hands to his successor. The statute of limitations was not pleaded before the surrogate by the maker of the notes, and it could not be by anyone else. It is a personal defense. Nor even if that objection was properly before the sur-

rogate, was it brought up by this appeal, for the maker of the notes has not appealed.

With respect to the negligence imputed to the executor in omitting to collect those notes, we think the widow is precluded from alleging that fact.

The gift to her by the will was restricted to the income of the testator's property during her life. That portion of the income accruing from the interest on the notes, was expressly relinquished by her. She gave to the executors receipts for such interest from time to time, because she preferred to do so rather than have her son troubled by proceedings to collect it. She thus induced the delay on the part of the executors, of which she complains. It is a maxim that one cannot complain of a wrong when he has consented to the act which occasions his loss. That completely refutes the allegation of negligence by the widow. She has no claim to the principal.

The other appellants are the children of the maker of the notes (a son of the testator). The will gave to their father, at the death of the widow, a legacy of $2,000. This is a vested legacy, although it is not payable until after her death, the rule being that when a gift is made to A., for life and "at" or "after" his death to B., both gifts are vested at the instant of the death of the testator, the only difference between them being that one is in possession and the other in remainder. (*Barker* v. *Woods*, 1 Sandf. Ch., 129; *Conklin* v. *Moore*, etc., 2 Bradf., 179; *Birdsall* v. *Hewlett*, 1 Pai., 32; *Williams* v. *Conrad*, 30 Barb., 524–531; *Ackerman* v. *Gorton*, 67 N. Y., 63.)

The children have no interest in the legacy to their father. As between him and the executors, he is considered in equity to have an amount of the assets of the testator's estate in his hands equal to the debt due from him. The executors have a right to set off the debt against a claim by him for payment of the legacy. The amount of that debt is only $1,000. (Wms. Exr. [6th Am. ed.], 1413, 1415; *Jeffs* v. *Wood*, 2 P. Wms., 128; *Sims* v. *Doughty*, 5 Ves., 243; *Stagg* v. *Beekman*, 2 Edw. Ch., 89; *Smith* v. *Kearney*, 2 Barb. Ch., 533.) The right of the executor to retain, says Chancellor WALWORTH, in the last case, depends upon the principle that the legatee is not entitled to his legacy while he retains in his hands a

part of the funds out of which that and other legacies ought to be paid, etc. It is no objection to the executor's right to retain against a legatee the amount of a debt due the estate, that the same is barred by the statute of limitations. (*Courtney* v. *Williams*, 3 Hare, 539; *Hill* v. *Walker*. 4 K. & J., 166; *Coates* v. *Coates*, 10 Jur. [N. S.], 532.) The maker of the notes testified in this proceeding that the notes had not been paid. Inasmuch as the children never acquired a right to insist on the collection of the notes, the omission to collect them cannot prejudice their interests.

The premium on the policy of insurance was properly allowed A mortgagee has a right to make such a payment for the protection of the estate mortgaged and to add the amount paid to the mortgage debt, independently of an express agreement authorizing such payment. That principle was very recently decided by the Court of Appeals.

There is no excess in the commission allowed, the surrogate having disallowed commissions on the principal of the fund.

The decree of the surrogate must be affirmed, with costs.

Barnard, P. J., and Dykman, J., concurred.

Decree of surrogate affirmed, with costs.