Kings County.—Hon. JACOB I. BERGEN, Surrogate.—June, 1884.

McCormick v. Burke.

*In the matter of the judicial settlement of the account of* Lawrence Burke, *executor of, and trustee under the will of* James McCormick, *deceased.*

The term "heirs," employed in a will as designating the successors in interest of a legatee, who dies in testator's lifetime, is to be interpreted as meaning the legatee's next of kin.

Testator, who died in 1870, gave all his property to his executor in trust, for the benefit of his wife for life, directing the same, upon her death, to be converted and distributed in a specified manner, one of the provisions being "to W. or to his heirs, $500." The widow died in 1880, W. having died before testator, without issue.—

*Held*, that the legacy to W. vested, at testator's death, in those who then were W's next of kin, viz : a brother and a sister of W.; and that, they having died, each leaving a child, the same passed to such children in equal shares.

Wright v. Trustees of M. E. Church, *Hoffm. Ch. R., 202*—followed.

CONSTRUCTION of decedent's will, upon the judicial settlement of the account of the executor thereof and trustee thereunder. The facts appear sufficiently in the opinion.

E. R. DE GROVE, *for executor*.

H. GRAVES, *for administrator of legatee's estate*.

S. M. OSTRANDER, *special guardian*.

THE SURROGATE.—The testator, James McCormick, died June 4th, 1870, leaving a will dated November 6th, 1869, by which he devised and bequeathed all his property to his executor, in trust to lease his house and to pay over the net income thereof to his wife, Bridget, during her life; and, after her death, he directs his property to be converted into money, and distributed in the following manner, viz.: "To my brother, William McCormick, of Callen parish, of Dunnamaggen county, Kilkenny, Ireland, or to his heirs five hundred dollars."

Bridget died in 1880. William McCormick, the testator's brother and legatee, died prior to the death of the testator, intestate, unmarried, and without issue. I am now asked for a construction of the clause bequeathing $500 to the testator's brother, William McCormick;—whether the legacy lapsed or whether the

heirs of William took the same under the language of the will.

I think that, if the copulative, "and," had been used, instead of the disjunctive, "or," there would have been no doubt concerning the legacy lapsing; but the force of the disjunctive word "or" defeats the lapsing of the legacy, by substituting the heirs of the legatee, in the place of the said legatee (Gittings v. McDermott, *2 Mylne & Keen, 69;* Williams on Executors [*R. & T. ed.*], *1203-1306;* Dayton on Surrogates, *423*).

So, also, in the case of Wright v. Trustees of M. E. church (*Hoffman's Ch. R.*, *202*), where precisely the same question was raised, the Chancellor in his opinion says: "I am satisfied the words ' or to their heirs' prevent a lapse."

The next question is—who are entitled to this legacy?

It is claimed that William McCormick, a nephew, was intended as the legatee, but I think the language of the will, where the testator says: "to my brother, William McCormick" cannot be construed to mean his nephew.

The word "heirs," when applied to legacies must be interpreted to mean "next of kin" (Gittings v. McDermott, *supra;* Wright v. Trustees, etc., *supra;* Holloway v. Holloway *5 Vesey, 399;* Tillman v. Davis, *18 N. Y. Week. Dig., 450*). I think that the legacy vested, upon the death of the testator, in the next of kin of William McCormick. The general rule, where a legacy is given after the decease of a tenant for life, is that both bequests vest upon the death of the testator (Tucker v. Ball, *1 Barb., 94;* Terrill v. Pub. Adm'r,

*4 Bradf.*, *245 ;* Young v. Case, *2 Redf.*, *55 ;* Landers v. Bartle, *29 Hun*, *170 ;* Saxton's Estate, *1 Tucker*, *32*).

The only remaining question is—who were the next of kin of the legatee, William McCormick, deceased, at the time of the testator's death ?

The only evidence we have upon this subject is found in the petition of the executor, from which it appears that Nicholas McCormick, his brother, died before the testator, leaving one daughter, Catherine Walsh, who died in 1881.

I, therefore, think that the children of Catherine Walsh, if any, take no interest in said legacy ; that, his sister, Joanna Handreghan, having died in 1879, since the death of testator, her only child, Alice Mahoney, now living, takes one half of the said legacy ; and that, his brother, John McCormick, having died in October, 1878, since the death of the testator, his only child, William McCormick, took a vested interest in the other half of said legacy, and, he having died in 1879, his next of kin take the same.

.Decreed accordingly.