WHEELER *vs.* LESTER.

*In the matter of the Estate of* GURDON WHEELER, *deceased.*

A BEQUEST to A. L., upon several " *conditions and regulations,*" one of which is to pay to J. H. W., $1500 " *within two years*" from the testator's decease, does not lapse by the death of J. H. W., before the expiration of the two years.

Time, in this case, is not of the substance of the gift, but relates only to the payment, which is postponed for the convenience of the first legatee.

The condition in favor of J. H. W., is legatory, and constitutes him a legatee. The benefit on his death survives and passes to his representatives.

The legacy to A. L. is conditional, and unless he perform the conditions, he cannot take the gift. If he accept the bequest he must perform the conditions.

By the civil law, the death of J. H. W., before the expiration of the time limited for payment, prevented the strict performance of the condition, and consequently the vesting of the legacy in A. L.; but in equity, payment to the personal representatives of J. H. W., will be received as performance.

GEORGE C. GODDARD, *for Petitioner.*
DAVID GRAHAM, *for the Executor.*

THE SURROGATE. The testator after directing the payment of his funeral expenses and debts out of the property belonging to him, in the firm of Andrew Lester & Co., bequeathed his interest in the assets of the firm, and of the late firm of Lester, Holmes & Co., unto Andrew Lester, upon several " *conditions and regulations,*" the last of which

was, " *that he give to Jeremiah H. Wheeler, the sum of one thousand five hundred dollars, within two years from my decease.*" Jeremiah H. Wheeler and Andrew Lester, were appointed executors, and qualified. Wheeler died within two years after the decease of the testator, and his executor now demands payment of the sum directed to be paid by the above condition.

I have recently had occasion to examine somewhat minutely the authorities bearing upon the vesting of legacies, where the gift was connected with a certain future time in no wise depending upon any act of the legatee, or upon any event to occur to him, such as arrival at age or marriage. Had the testator required his executors to·pay to Wheeler $1500, *at* two years after his decease, thus making a bequest in the form of a simple direction to pay at a future time, even then, in accordance with the views I entertain of the decisions on this subject, in order to determine whether the vesting of the legacy was postponed, or its payment only, recourse ought to be had to all the provisions of the will to ascertain the testator's intention. The appointment of Wheeler as executor, and the various provisions in his favor, beside the one in question, would tend to exclude the probability of any other motive in giving Lester the period of two years to pay this sum, than that of allowing the firm a sufficient time to wind up its affairs.

It is a mistake to suppose, that the mere annexation of a future time to the gift of a legacy, is in itself enough to constitute time of the *substance* of the gift. This was certainly not the rule of the civil law. (*Pandectes, pt.* 4, *Lib.* 30, *Tit.* 1, § 1; *Pothier, Vol.* 12, *p.* 4.) And the current of the recent decisions runs strongly in favor of the more reasonable doctrine, that although there be no other bequest than in the direction to pay or distribute in *futuro*, yet the vesting will not be deferred unless, upon the whole will, such appear to have been the evident design. (*Packham* vs. *Gregory*, 4 *Hare*, 398; *Leeming* vs. *Sherratt*, 2 *Hare*,

14; *Shattuck* vs. *Stedman*, 2 *Pick.*, 468; *Patterson* vs. *Ellis's Ex.*, 11 *Wend.*, 259.) It is not, however, necessary to discuss that proposition, as the present case, in my opinion, turns upon an entirely different point.

The legacy to Andrew Lester is a specific (2 *Williams on Ex'rs*, 996, 1002; *Ellis* vs. *Walker*, *Amb.*, 310), not a general bequest, subject to the payment of debts, and to the performance of certain specified conditions. Any beneficial interest under a will is of a legatory character, and the gift to Lester on condition that he give $1500 to Wheeler, constituted Wheeler, as well as Lester, a legatee. (*Baker* vs. *Dodge*, 2 *Pick.*, 620.)

1. Was the legacy to Wheeler conditional? It might have been, if made to depend on his marriage or arrival at age, or upon any other uncertain event, if such were the clear intention. But there is nothing in the direction to pay him, which sounds in condition, except its dependency on an option of Lester to be exercised within a certain time. There is a manifest difference between a legacy to be paid or a condition to be performed *at* a certain time, or *within* a certain time. This distinction was well recognized in the civil law. A condition framed thus, " *Stichus, si intra annum decimum heredi meo dederit, liber esto ; statim solvendo eum liberum esse sine mora futurum.*" (*Pothier's Pandectes*, *Vol.* 13, *p.* 262.) " Let Stichus be free if he give to my heir so much *within* ten years ; the immediate payment of this sum to the heir, will make him free without delay." The object of this mode of fixing a period *within* which the first legatee may perform the condition in favor of the second legatee, cannot, from the very nature of the case, be to defer the payment in order to prevent a vested interest passing to the second legatee before the time, but on the contrary, the condition is evidently framed for the convenience of the first legatee, to give him

* See *Steadman* vs. *Palling*, 3 *Atk.*, 423, where in a gift *at* 21, " or *sooner*," the latter words led the Court to consider the legacy vested.

ample time to perform, instead of binding him down to a specified date *at* which the thing is to be done.

On the other hand, the legacy to Lester is, by the terms of the will, expressly conditional. A testamentary condition is a future and uncertain event, upon the existence of which, the testator has made his bounty to depend. (*Pothier's Pandectes, Vol.* 13, *p.* 264.) Lester, in this case, is a legatee on condition; that is, the condition applies to him' and his legacy, and not to Wheeler, to whom he was to pay $1500. The condition only affected Wheeler in this way : If Lester performed it, he took the specified sum ; or if dead at the time of performance, the right to the payment passed to his representatives. The point is thus put in the civil law. (*Pothier's Pand., Vol.* 13, *p.* 310.) "*Si Titius hereditatem meam adierit, intra dies centum Mœvio decem dato—hoc legatum in diem erit, non sub conditione, quia definitio Labeonis probanda est, dicentis, id demum legatum ad heredem legatarii transire, quod certum sit debitum iri, si adeatur hereditas.*" Such a gift is a simple and not a conditional legacy, and will pass to the " heir of the legatee," for, " if the inheritance be accepted, the payment will certainly become due." This shows that a right to a future payment, contingent on the first legatee accepting a bequest, is a vested interest transmissible on death to the personal representatives. So, where the testator desired A., out of the money given her by his will, to leave £500 at her death to B., who survived the testator, but died before A., the personal representatives of B. were held entitled to the £500. (*Medlicott* vs. *Bowes,* 1 *Vesey, sen.,* 207, *Ambler,* 4.) I am clear, therefore, that so far as Wheeler was concerned, his interest, contingent upon the performance of the condition by Lester, was vested, and in case of death, transmissible.

2. But a more serious question arises upon the right of Lester to perform the condition. By the civil law, the rule was established, that in case of a legacy on condition to pay a certain person a certain sum, the condition was so far

personal that if he, to whom the money was to be paid, died, it could not be performed by paying to his representatives. As a conditional legacy did not vest till the day of the accomplishment of the condition, the decease of the party to whom payment was to be made, did not vest the legacy and discharge the condition, but prevented the vesting, and extinguished the legacy itself. (*Pandectes, Vol.* 13, *p.* 441, 468.) Swinborne puts the precise case. He says, "Another example to the same effect is this: The testator maketh thee his executor, or giveth thee a hundred pounds, if thou pay ten pounds to C. D. before a certain time, within which time C. D. dieth, and thou payest the same ten pounds within the same time to the executor or administrator of C. D.; in this case, the condition is not said to be performed, and so thou canst not be executor, nor obtain the legacy of a hundred pounds, because thou didst not pay the ten pounds to C. D. himself, for the payment ought to have been made to C. D. himself, and not to his executors or administrators." (*Swinborne,* 414.)

So, likewise, by the civil law, the death of the first legatee before the performance of the condition by him, extinguished the legacy. "*Intercidit legatum, si ea persona decesserit cui legatum est sub conditione.*" (*Pandectes, Vol.* 12, *p.* 99, *Vol.* 13, *p.* 378.)

Thus, by the strict rule, the effect of the death of Wheeler before the payment, was to cut off the legacy to Lester; and the property given on condition would fall into the residue or go to the testator's next of kin. The difficulty then is, not to sustain the right of Wheeler's executor to the payment, but rather to sustain the legacy to Lester. The objection raised by Lester is suicidal, for if sound, it defeats his own title to the legacy, which can be saved only on the ground that he may still perform by paying Wheeler's executor instead of Wheeler himself. The point stated in order to exonerate the legatee from the payment, goes to the very foundation of the legacy itself.

It is often important to determine whether a condition

28

be precedent or subsequent. In the civil law there was no such distinction. All conditions had to be performed before the legacy vested. "*Si sub conditione sit legatum relictum, non prius dies legati cedit, quam conditio fuerit impleta.*" (*Pandectes, Vol.* 12, *p.* 2.) By the Common Law this rule has become so far modified, that when the condition is precedent, the legatee takes no vested interest till it be performed; when subsequent, the legacy vests, subject to being divested on a failure of performance. (*Wynne* vs. *Wynne,* 2 *Man. & G.,* 14; *Harvy* vs. *Aston, Comyn's R.,* 738; *Lowther* vs. *Cavendish,* 1 *Eden.,* 116; *Williams on Ex'rs,* 1081; 1 *Roper on Leg.,* 749.) This distinction has some influence upon Courts of Equity, when called upon for relief against strict performance, especially when in case of non-performance, the estate is limited over to a third person; but I do not think it material for the decision of the question now before me, to inquire whether the condition was precedent or subsequent. If it be a condition precedent, the legacy to Lester, by the strict rule, has certainly never vested; if a condition subsequent, it only makes the right of Wheeler's executor the clearer, as I will shortly show. The point now is, whether Lester can get his legacy, by making at this time as good performance as the nature of the case admits.

3. Courts of Equity have been in the habit of relieving against the penalty of a condition in regard to a legacy, when compensation or satisfaction can be given; and this, whether the condition be precedent or subsequent. In *Taylor* vs. *Popham,* 1 *Bro. C. C.,* 168, the testator gave to P. T., £600 per annum, on condition that he should within three months after his decease, execute a release of all demands on his estate, and the Court held, that a neglect to comply with the condition might be aided in equity; but the legatee having refused to execute the release before the Master, the annuity was declared to be forfeited. The principle is, that if the testator's intention can be satisfied by an execution in substance, that is, *cy pres,* strict perform-

ance will not be required; and therefore, where £100 are given to A., provided he pay B. £20 within a certain time; payment of the £20 to B.'s executors, should he die before the time, will be received as performance. (*Co. Litt.*, 205, *b.*; *Williams* vs. *Knipe*, 5 *Beav.*, 276; *Simpson* vs. *Vickers*, 14 *Ves.*, 341—8; *Hayward* vs. *Angell*, 1 *Vern.*, 223; *Ibid.*, 83, 167; *Woodman* vs. *Blake*, 2 *Vern.*, 222; *Wheeler* vs. *Whithall*, *Freeman*, *p.* 9; *Paine* vs. *Hyde*, 4 *Beav.*, 468; *Hollinrake* vs. *Lister*, 1 *Russ.*, 508; *Strange*, 135.)

The right of the executors of the legatee to perform a condition capable of being substantially satisfied, in case he die before the time limited for its performance, seems also to be settled. (*Eastwood* vs. *Vinke*, 2 *P. Wms.*, 613—17; *Roper on Leg.*, 777.)

Thus, while it appears that by the strict rule of law, Wheeler's death would defeat the legacy to Lester, yet under equitable principles, where the condition is capable of substantial performance, the decease of the first legatee, or of the party to whom he is to pay in order to obtain the legacy, will neither forfeit the legacy nor extinguish the condition. The right to perform the condition is a vested interest in the legatee, and the right to reap the benefit of performance a vested interest in the party to be paid, either of which is transmissible to executors or administrators in case of death.

4. There is another view, however, which of itself seems to be decisive. It is a well recognized proposition, that where a fund is bequeathed in fractional interests in succession, the interest of the first and subsequent takers will vest at the same instant. Whether the condition is precedent or subsequent, the actual effect of the bequest to Lester, on condition that he pay within two years, is the same as if the testator had given the same sum, out of the same fund, within the same time. The whole fund is disposed of, and in the very act of disposition, a minor interest is carved out of it. (*Blamire* vs. *Geldart*, 16 *Vesey*, 314.) The will, no matter in what order or mode, divides

this fund between these two persons, in a certain proportion, so that when the first legatee takes, the burden attaches. If a legatee claim a gift dependent upon a condition, he must receive it *cum onere.* (*Spofford* vs. *Manning*, 6 *Paige*, 383.) This doctrine is well established as to personalty, and has even been sustained as to legacies charged on real estate, notwithstanding the leaning of the Common Law in favor of the heir. (*Emes* vs. *Hancock*, 2 *Atk.*, 507; *King* vs. *Wither*, 3 *Bro. Parl. Ca.*, 135; *Hodgson* vs. *Rawson*, 1 *Ves. sen.*, 44; *Tunstall* vs. *Brachen*; 1 *Ambler*, 167, 230, 55; 1 *Bro. C. C.*, 120, 123, 192, 194; 4 *Rawle*, 451.) Whoever accepts the gift, therefore, is bound to discharge the condition.

The petitioner in this case alleges, that Lester accepted the legacy of the testator's interest in the two firms of which he had been partner, and the allegation is not controverted. It is the duty of the executor to see to the performance of conditions annexed to a legacy. Lester, in this instance, is both legatee and executor, and if in the former capacity he elects to receive the legacy, he is bound in the latter capacity to see that the payment of the $1500 be made to Wheeler or his legal representatives. He might have refused the gift, and then he would have been held to account for the property as a portion of the estate undisposed of by the will; by his acceptance of it, he became responsible for the performance of all the conditions. The gift which he claims and the obligation to pay Wheeler, are coincident; if one falls, the other goes with it; if one is extant, the other is likewise. The decree must therefore be, that he pay the sum of $1500 to Wheeler's executors, with interest, to run from the period of two years after the death of the testator.