JAMES ORTON ET AL. APPELLANTS, *v.* LINA ORTON ET AL., RESPONDENTS.

*Legacy, what constitutes—Dower—Proportional Deductions.*

Every bequest of personal property is a legacy, including as well those made in lieu of dower, or in satisfaction of an indebtedness, as those which are wholly gratuitous.

Where the testator provides in his will that, in case his estate should not be sufficient to pay the legacies, the deficit is to be deducted in proportion to the sums given to each, he makes the amount given to the widow in lieu of dower to depend upon the sufficiency of the estate to pay the legacies given. The same principle applies also where the legacies are to be increased by a surplus in the estate.

PARKER, J.—The Appellants and all of the Respondents, except Lina Orton, are heirs-at-law of Henry T. Orton, deceased, and legatees under his last will and testament. Lina Orton is his widow.

By his will the said Henry T. Orton gives to his wife, Lina Orton, in lieu of dower, $25,000. He also gives her the use of his dwelling-house, with the building and lands adjoining, during her natural life. He also gave her, absolutely, all his farming utensils, household furniture, and stoves. He then disposes, by devise, of certain real estate which he had in the State of Connecticut, and gives legacies of various sums, respectively, to the Appellants and Respondents, except the said Lina Orton. The will then proceeds as follows: " My lot of land in the town of Washington, Dutchess County, and State of New York, containing about twelve acres, I direct to be sold, and the sum realized therefrom to be divided among all my heirs in proportion to the sums given to each at the death of my wife. I direct the surviving executor or executors to sell my house and lot in the town of Washington, and divide the sum realized therefrom among the surviving legatees, or their children, in proportion to the legacies of each. Should my estate not be sufficient to pay the amount of the within named legacies, the deficit shall be deducted therefrom

in proportion to the sums given to each; if there be a surplus, it shall be divided to each in proportion to the sums given, and subject to the same conditions." The Defendants, Lina Orton, Sarah E. Brace, and his nephew, Samuel De Graff Orton, were appointed executors of the will, and authorized, for the purpose of paying his debts and legacies, to sell or otherwise dispose of his property, real and personal, as they should deem best.

Upon the final settlement of the executors before the surrogate of Dutchess, after paying all debts and legacies, there was found to be a surplus amounting to $41,912.75. This included the sum realized from the sale of the twelve-acre lot in the town of Washington, which the executors were directed by the will to sell and divide among all the heirs of the testator in proportion to the sums given to each, which sum was $840.

In the distribution of this surplus, under the will, the surrogate gave to the Defendant, Lina Orton, the widow of the testator, the sum of $20,852.50, being, or intended as, the proportion thereof to which she is entitled under the direction that the surplus "shall be divided to each in proportion to the sum given" each by the will, and counting the $25,000 given her in lieu of dower as the "sum given" to her, mentioned in that clause.

The present Appellants, being dissatisfied with this allowance to the widow, appealed to the Supreme Court, where the decree was modified in so far as it gave the widow any portion of the proceeds of the real estate, and the sum of $417.92 was deducted from the said sum awarded to her, and as to the residue of said sum, the sum of $20,434.58, it was adjudged that she was entitled to retain the same.

From this latter part of the judgment the appeal to this Court is taken.

The question is, whether the widow, by virtue of the $25,000 given her in lieu of dower, is entitled, under the clause in the will in respect to the division of the surplus, to share in such surplus. The Appellants insist that she is not, on the ground that the testator intended, as shown by the will, to divide the surplus among the *legatees* in proportion to their *legacies*, and that

a bequest in lieu of dower is not a legacy, and the widow, in respect to such bequest, not a legatee. Notwithstanding the bequest to the wife was declared to be in lieu of dower, it is incorrect to say that it was not a legacy. Such it was in legal, as well as common parlance, and it is constantly called by that name in the books (2 Williams on Exrs. 1169, 1170; 2 Redfield on Wills, 553, n. 25; 1 Roper on Legacies, 297, 432; Wake *v.* Wake, 1 Ves. Jr. 335; Williamson *v.* Williamson, 6 Paige, 298). Every bequest of personal property is a legacy, including as well those made in lieu of dower and in satisfaction of an indebtedness as those which are wholly gratuitous. The circumstance whether gratuitous or not, does not enter into consideration in the definition. Thus, in Jacob's Law Dictionary, it is defined to be "a bequest or gift of goods and chattels by will or testament." In Bacon's Abridgment a legacy is defined "a gift or bequest of a particular thing by testament" (Bac. tit. Legacy). "The word devise is specially appropriated to a gift of lands, and the word legacy to a gift of chattels" (id. note); and when it is said that a legacy is a gift of chattel, the word gift is not limited in its meaning to a gratuity, but has the more extended signification, the primary one given by Worcester in his dictionary, "a thing given, either as a gratuity or as a recompense." Thus the Chancellor, in Williamson *v.* Williamson (6 Paige, 305), uses this language: "For this reason the *legacy* of the wife, *given* in lieu of dower, does not abate ratably with others, if the fund is insufficient to satisfy all."

The expression, "the within named legacies," then, as used in the clause of the will disposing of the surplus, clearly includes the bequest to the widow, and the language of that clause makes that bequest, equally with the others, subject to abatement in case of deficiency to pay the whole, and entitled to its proportionate increase in case of a surplus.

No doubt the rule is that a legacy, in lieu of dower, is to be preferred, in case of a deficiency of assets, to other general legacies (Williamson *v.* Williamson, supra). But this rule is for cases where the will does not provide a different one. The be-

quest to the wife, in lieu of dower, may be made subject to any condition which the testator chooses to impose upon it; for the wife is not obliged to give up her dower in exchange for it, unless she so elects. If it is encumbered by a condition, the acceptance of it is subject to such condition. In the case at bar, when the testator said, "should my estate not be sufficient to pay the *amount of the within named legacies*, the deficit shall be deducted therefrom in proportion to the sums given to each," he made the amount of the legacy to his wife conditioned upon the sufficiency of his estate to pay all the legacies in full, and her election was made in view of that condition; and when he said further, "if there be a surplus, it shall be *divided* to *each*, in proportion to the sums given, and subject to the same conditions," he gave to this legacy the condition that it should be increased from the surplus, in the same proportion that it was subject to be diminished by the deficiency. Such is the clear and explicit language of the clause in question, and there is nothing in the other parts of the will or in the circumstances of the case to cast a doubt upon this interpretation. It is manifest from the case that the sum named as the legacy in lieu of dower very far exceeds the value of the dower, the estate consisting principally of personal property. The aggregate amount of the legacies, including that given to the wife, is $50,100. It seems, then, that the leading instruction of the testator, as shown by the will, was to give his wife about one-half of his personal estate; and as there was scarcely any indebtedness, and the widow was an executrix, it was seen that she would have no difficulty in making her election, within a year, between her dower and the provision made by the will in lieu thereof, even though that provision should be subject to a pro rata reduction with the other legacies, in case of a deficiency; and upon the corresponding increase in case of a surplus, the ratio would be preserved, and the leading intent carried out.

The proceeds of the twelve-acre lot mentioned it is manifest he did not intend the widow to share in, but that does not militate against the construction above adopted. In regard to the specific real estate mentioned in the will, his scheme of distribu-

tion was different from that adopted for the personal estate. His Connecticut lands he gave to one brother and two sisters, the homestead to his wife for life, remainder to the other legatees who should survive her, or their children, in proportion to their legacies, and this twelve-acre lot to his heirs, in the same proportion. The absence here of the *ratio* appearing in the distribution of his personal estate does not disprove the intent indicated by the existence of that *ratio* in that distribution, nor tend to show that he did not mean to include the wife's legacy among those subject to be reduced by a deficiency and increased by a surplus.

It is said that the great disproportion which this construction gives the widow is a reason for not adopting it. As there were no children, and no representatives of any, if there had been no will the widow would have been entitled to one-half of the personal estate. It would seem, then, that a construction of the will which gives her only half does not give her an undue proportion. But this objection also denies the intent of the testator to give her half. We are to assume, from the fact that he provided for the event both of a deficiency and a surplus, that he supposed the legacies which he gave might exhaust the whole of his estate. Supposing this, he distinctly gives his wife $25,000, and all the other legatees together $25,100. This he intended. He consequently intended, if his estate—not otherwise disposed of—should just cover these legacies, that the *ratio* thus indicated should be the *ratio* of distribution between his wife and the other legatees in the aggregate. He meant, in case of a deficit or a surplus, to keep up the *ratio* established by a comparison of his various legacies, for all deductions are to be made in *proportion to the sums given to each*, and all additions from the surplus in the same proportion. I can see no reason for excepting the sum given to the widow from the operation of this direction, and, as no intent to exclude it appears, it is necessary to give the language and its ordinary meaning legitimate effect, and that will clearly include the legacy to the widow as one of the "within named legacies" which are to be diminished in case of a deficiency, and increased in case of a surplus.

His making the portion of the surplus divided to each subject to the same conditions imposed upon the original legacies affords no reason for supposing that he did not intend to include the widow in this division. If it is conceived that the legacy given to her in lieu of dower is given without condition, the same is true of the legacies given to his brother James Orton, his nephew Samuel De Graff Orton, and his niece Eliza Stewart, and the same consequence would result to them. But this division to each is not dependent upon the existence of a condition annexed to the prior legacies. When the legacy has such condition, the sum added from the surplus is to be subject to the same condition, is all that is meant by the language of this bequest.

I think the judgment of the Supreme Court clearly right, and that it should be affirmed.

Concurring, PORTER, DAVIES, GROVER, and WRIGHT.

HUNT, J., was for reversal.

BOCKES was absent.

Judgment affirmed.