COLE v. NILES.

*Legacy — when legatee takes by purchase — Executors—when personally liable.*

N. in his will gave to C. a legacy of $1,500 " to be paid to him at my decease
upon the express condition that the said C. shall not render any account against
my estate." C. died before N. leaving no descendant ; he had an account of less
than $1,500 against N. After the death of N. the administratrix of C.
demanded of the executors of N.'s estate, payment of the legacy, and never
presented the account of C. against the estate. The executors distributed the
estate without payment of the legacy. *Held*, that the legacy being to C. upon
condition that his claim against N. was not presented, C would take it as a

purchaser, and it would not lapse by reason of C.'s death before that of N.; that the personal representative of C. was entitled to receive the legacy and that the executors having distributed the estate, after notice of the claim of such representative without paying the legacy were personally liable for its amount.

APPEAL by defendants from a judgment at the special term in favor of the plaintiff.

The action was brought by Mary E. Cole, executrix, etc., of Edgar B. Cole, deceased, against John M. Niles and another executors, etc., of Dan Niles, deceased, to recover the amount of a legacy. Dan Niles made his will April 6, 1870, containing the following provision : " I will and bequeath to my son-in-law, who married my daughter Wealthy, now deceased, of Waterford, the sum of $1,500, to be paid to him at my decease by my executors, upon the express condition that the said Edgar Cole shall not render any account against my estate." Edgar B. Cole, the person referred to in this provision of the will, died November 10, 1871, not being himself a child or descendant of the testator, and leaving no child or other descendant him surviving. Dan Niles died in the month of December, 1871, leaving an estate exceeding the sum of $10,000, and more than sufficient to pay all the legacies. Edgar B. Cole was at the time of his death a creditor in fact of the said Dan Niles to an amount not exceeding the sum of $1,500, and no account has ever been rendered or presented therefor against the estate of said Dan Niles. The plaintiff, as executrix of Cole's estate, in due time demanded payment of the bequest from the defendants as executors of the estate of Dan Niles, which was refused, and the defendants have since settled and distributed the entire estate. The plaintiff then brought this action against the defendants as executors, and the residuary legatee to recover the amount given in the will, and recovered a personal judgment therefor against the executors, who appealed to this court. No questions are raised as to the form of the action or the practice pursued.

*John Cadman,* for appellants.

*E. W. Paige,* for respondent.

COUNTRYMAN, J. This legacy must be regarded as lapsed, unless it can be sustained as a provision for the payment of a

debt due from the testator to the deceased legatee. As it does not fall within the exceptions created by the Revised Statutes (2 R. S. 66, § 52) saving certain classes of legacies from lapsing, the question must be determined under the rule at common law. The provision in question is in terms a mere proposition to adjust a claim held by the legatee against the testator, upon the basis of the legacy, which is directed "to be paid * * upon the express condition that he shall not render any account against the estate." From the facts found below, it appears that the testator was indebted to the legatee in an amount not exceeding the legacy, that the estate has been settled and distributed, and no claim presented to the testator's estate on behalf of the estate of the legatee, and that due notice was given by the plaintiff before the final settlement to the defendants, of the acceptance of the legacy, and a demand made for its payment. The legacy was given on condition that it be accepted in payment of the claim held by the legatee against the testator, or as a satisfaction of the debt. Payment of the claim could have been enforced against the testator or his estate, as well by the personal representatives of the legatee after his death, as by the legatee in person if alive, and the representatives could also as well adjust the claim by accepting the proposal of the testator and receiving the legacy in payment. The reason of the rule for a lapse in the case of an ordinary legacy, that there is no one in whom the legacy can vest at the time of the testator's death, has therefore no application, as it was not intended that the bequest should vest, and it would not have vested in this case, if the legatee had survived, except upon the condition that it was accepted in absolute payment. And as already stated, this acceptance could be given as effectually by the personal representatives of the legatee after his decease, as by him in person during his life. Where it is the intention of the testator that the legacy shall be deemed a satisfaction of a pre-existing debt, the acceptance of the legacy will extinguish the debt. *Williams* v. *Crary*, 4 Wend. 444. The legacy is the price or value put by the testator upon the opposing claim, which is submitted for acceptance at his decease. The final acceptance of the proposal involves the relinquishment of the claim, and forms a good consideration for the legacy. A contract is thus completed by which the legatee or his representatives becomes entitled to the legacy, not as a bounty, but as the purchase price of the claim, which has been canceled or

abandoned. This exception to the ordinary rule that a legacy must lapse whenever the legatee has died before the death of the testator, has been repeatedly recognized in the English courts, and provisions of this character have invariably been sustained. *Williamson* v. *Naylor,* 3 Younge & Collyer, 208 ; *Philips* v. *Philips,* 3 Hare's Ch. 281 ; *Turner* v. *Martin,* 7 DeGex, Mc N. & Gor. 429 ; *Matter of Sowerby,* 2 Kay & Johns. 630. It is doubtless true that the legal definition of a legacy embraces " a thing given as a gratuity or as a recompense," and therefore includes " as well one made in lieu of dower and in satisfaction of an indebtedness " as one which is wholly the bounty of the testator. *Orton* v. *Orton,* 3 Keyes, 486. But it is equally true, that different rights attach to these different classes of legatees, both as between themselves and with reference to the estate. In case of a deficiency of assets, legacies founded on a previous indebtedness, or other valuable consideration, do not abate ratably with other general legacies, but must be first paid in full. These legatees take their legacies as purchasers, and they are only liable to abatement as between themselves. *Wood* v. *Vandenburgh,* 6 Paige, 278 ; *Williamson* v. *Williamson,* id. 298. Upon the same principle, such a legacy must be enforced when accepted by the representatives of a deceased legatee, notwithstanding his death occurred before the death of the testator.

The judgment of the special term must be affirmed, with costs.

*Judgment affirmed.*