FIVE POINTS HOUSE OF INDUSTRY, APPELLANT, *v.* PETER AMERMAN, EXECUTOR OF CHARLES E. CORNELL, DECEASED, AND OTHERS, RESPONDENTS.

*Condition — when legacy vests notwithstanding — Condition subsequent — what compliance with sufficient.*

A testator gave $500 to the plaintiff " to be applied to the uses of the farm in Westchester county," subject, however, to the right of his sister while a widow to receive the income thereof. After the testator's death and before that of the sister the plaintiff disposed of the farm in Westchester county. *Held,*

That the gift vested in the plaintiff in remainder on the death of the testator.

That it was not a condition precedent that it should be applied to the uses of the farm.

That, if a condition at all, it was a condition subsequent and the gift was not defeated, because for a time the plaintiff had no farm to the uses of which the fund could be applied.

APPEAL by plaintiff from a decree of the surrogate of the county of New York.

*George F. Betts,* for the appellant.

*Robert F. Little,* for the respondent.

BRADY, J.:

The last will and testament of Charles E. Cornell contained the following clause:

" I give to my sister Louisa Adeline, wife of Salmon Booth, the interest upon $1,500, in case she shall become a widow, during her widowhood, payable annually. At her death I give $500 of said principal sum, each to the New York State Colonization Society, New York Young Men's Christian Association, and Five Points House of Industry, under care of the Rev. L. M. Pease, to be applied to the uses of the farm in Westchester county. The interest upon said principal sum of $1,500 for so much of the life of said Louisa Adeline, during which she shall not be a widow, I give to the above-named institutions, to be divided equally between them, share and share alike, payable annually."

And in reference to the status of the plaintiff herein and its rights the following facts are agreed upon:

The Five Points House of Industry is a charitable corporation, duly incorporated under the laws of the State of New York, having for its object the care of, education and moral training of poor children, especially those living at or near the Five Points, in the city of New York. And in pursuance of its corporate powers, it has always had and still has a house at the Five Points, where a home is given to some 200 children, and also a school where about 400 children are taught, and are also fed and supplied with necessary clothing.

It had also, at the testator's death, and for several years thereafter, a farm in Westchester county, on which some of the children were placed to labor. But that farm had been disposed of before the death of Louisa Adeline Booth, and the said corporation had no farm at the death of the said Louisa Adeline Booth, nor has it at any time since had or owned any farm.

It is also agreed that, at the time of the testator's death, Salmon Booth, husband of Louisa Adeline Booth, was living, and that said Louisa Adeline Booth did not become a widow until May 30, 1855, six months or more after testator's death, and that she lived a widow from that time until July 8, 1875, the date of her death.

The surrogate decided that the legacy did not vest because it was given on condition that it should be applied in a particular manner which could not be done. His opinion is as follows:

"As to the legacy to 'The Five Points House of Industry,' it is true that the corporation existed at the time of the decease of Mrs. Booth, but it also appears that the bequest was on condition that it devote the legacy to the purposes for which it was intended by the testator, and the term, 'to be applied,' I think amounts to a condition, the non-happening of which defeats the legacy. (See *Caw* v. *Robertson*, 5 N. Y., 135; *Wheeler* v. *Lester*, 1 Brad., 213, and cases cited."

As we understand from the opinion, the surrogate did not question that the legacy vested subject to the supposed condition. There does not seem to be any doubt about it. It was the intention of the testator and so declared expressly that the interest of the sum named should be paid in its proper proportion to the plaintiff, from

his death until his sister became a widow. The payment of the legacy itself was dependent upon the life estate of his sister who survived him and was to be paid upon her death. There can be no doubt that the legacy vested upon the death of the testator. (1 R. S., 723, § 13 ; *Barber* v. *Woods*, 1 Sandf. Ch. Rep., 129 ; *Conklin* v. *Moore*, 2 Bradf. 179 : *In the Matter of the Trustees of the N. Y. Prot. Epis. Pub. Schools*, 31 N. Y., 589.) In the last case, DENIO, Ch. J., said : " The general, if not the universal rule is, that where there is a person in being in whom the estate in remainder would vest in possession, if the precedent estate should immediately terminate, it is vested in interest, though it may not be certain that such person will be living or qualified to take at the actual cessation of the prior estate." In the case of *Blamore* v. *Geldet* (16 Ves., 314), the language was, I give and bequeath to George Pringle £200 three per cent consols at my wife's decease ; all the residue of my estate I give to my wife. It was held that it was not a condition that the legatee should survive the widow and that the legacy vested immediately upon the death of the testator. The case of *Patterson* v. *Ellis* (11 Wend., 272), contains nothing in conflict with this view. The cases cited sustain it.

The decision of the surrogate, however, does not rest upon the converse of this proposition, but on the supposed condition annexed to the legacy, which, he thinks, defeats it.

It may be said, in reference to this proposition, preliminarily, that conditions are not favored, and, further, that they are generally expressed by words which *ex vi termini* create them, although no particular words are necessary to their formation, and they may become manifest as matter of intention without regard to the particular language employed. The phrase in general use is, upon condition, or provided, or upon the understanding, thus presenting something indicating the contingent reservation in the mind. In the clause under consideration the language employed is " to be applied to the uses of the farm in Westchester county." The testator gave the sum, but annexed a wish or direction that it should be applied in a particular manner. The wish or direction, however, followed the gift. There is nothing in the language adopted indicative of an intention to make a condition. The legacy is not on condition, or provided, or upon the understanding, but absolute as a gift, with a

direction or wish annexed to, or coupled with it, although there is no such feature in relation to the interest to be paid upon it, while the sister was not a widow. It must be said, farther, that the word "uses" may be justly construed to mean "purposes" of the farm, which formed the general object of the plaintiff's society, namely, care and succor and protection of the children gathered within their fold. This was the object and design of the farm, and constituted its uses. It was entirely within the scope of the plaintiff's organization and purpose. The gift was to be applied to the uses of the farm, and not to the farm itself. It was not, therefore, a condition, but a wish or suggestion, coupled with the gift, that it should be employed for a general purpose, namely, the uses of the farm. If, however, the words considered in their place have the force of a condition, then it is a condition subsequent and not precedent. Whether it be one or the other often depends much upon the intention. "If," said Chief-Justice MARSHALL, in *Finlay* v. *King's Lessees* (3 Pet., 375), "the language of the particular clause or of the whole will shows that the act on which the estate depends must be performed before the estate can vest, the condition is, of course, precedent, and unless it be performed the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting of the estate, but may accompany or follow it, if this is to be collected from the whole will, the condition is subsequent." In that case the will contained the following clause: "In case of having no children I then leave and bequeath all my real estate at the death of my wife to William King, on condition of his marrying a daughter of William Griggs and my niece, Rachel, his wife." The court held this to be a condition subsequent, and that the devise was in respect to the time of taking possession, as if it had been unconditional.

The rule is also similarly stated in *Underhill* v. *Saratoga Railroad Company* (20 Barb., 455).

"If the act may as well be done after as before the vesting of the estate, or if from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest and the grantee perform the act after taking possession, then the condition is subsequent."

The clause under consideration both by the provision for the payment of the interest while the sister named should not be a widow,

and the nature and form of the supposed condition, shows clearly that the testator designed the payment of the legacy to the legatees. They could not apply it to the uses of the farm until it was received, and if the contingency by which it was to become payable had happened when the legacy vested, it could have been applied as directed. The plaintiffs then had the farm. It is a general rule, however, that if an estate be given on a condition for the performance of which no time is limited, the devisee has his life for performance. (*Finlay* v. *King's Lessees, supra.*) The result is that a devise to A on condition that he shall marry B, if uncontrolled by other words, takes effect immediately, and the devisee performs the condition if he marry B at any time during his life. (Id.) *Non constat,* but the plaintiff may yet apply the money to the farm in Westchester county. If a legacy is subject to being divested on a failure of performance of the condition, it vests nevertheless. (*Wheeler* v. *Lester,* 1 Bradf., 218, and cases cited.) If the legacy to the plaintiff is not absolute, but depend upon a subsequent condition, on these authorities the time of performance has not expired. The mere fact that during a period it has no farm to which the fund can be applied does not affect the right to receive the legacy. The condition may yet be performed. The decree of the surrogate would, for these reasons, seem to be erroneous, whether the legacy be regarded as conditional or otherwise, and the decree must, therefore, be reversed.

Daniels, J., concurred.

Davis, J. :

I think the direction as to the application of the bequest was not a condition which can be held to defeat the gift, and for that reason concur in the conclusion of Brady, J.

Decree reversed.