CHARLES H. WARNER, Administrator, etc., of OLIVER BLUSH, Deceased, Plaintiff, *v.* CHARLES W. DURANT, Executor, etc., of CLARK DURANT, Deceased, Defendant.

*Legacy—when vested.*

A testator bequeathed to his executors the sum of $275,000, then invested in bonds and mortgages, in trust, to reinvest any of the principal paid in, and to pay over to one Blush seven per cent interest on the sum of $15,000, each year, and at the expiration of five years, to pay the principal to the said Blush. *Held,* that the legacy vested in Blush, on the death of the testator, and passed to his administrator on his dying before the expiration of the five years.

Case agreed upon, and submitted by the parties, pursuant to section 1279 of the Code of Civil Procedure.

*Amasa A. Redfield,* for the plaintiff. Where a testator bequeaths a legacy to a person at a future time, and either gives him the intermediate interest, or directs it to be applied for his benefit, the court there considers the disposition of the interest to be an indication of the testator's intention that the legatee should at all events have the principal; and on this ground hold such legacy to be vested. (Williams on Executors, vol. 2, p. 1233; Roper on Legacies, vol. 1, p. 593; *Hone* v. *Van Schaick,* 20 Wend., 564; *Burrill* v. *Shiel,* 2 Barb., 457; *Van Wyck* v. *Bloodgood,* 1 Bradf., 154; *Patterson* v. *Ellis,* 11 Wend., 259, 268; *Everitt* v. *Everitt,* 29 N. Y., 39.) There is another circumstance which is important in ascertaining the intention of the testator to vest the legacy instanter in the legatee. He has explicitly directed that the legacy should itself be severed instanter from the general estate, and set apart for the benefit of the legatee. (*Saunders* v. *Vautier,* 1 Cr. & Ph., 240; *Weyman* v. *Ringold,* 1 Bradf., 40; *Pearson* v. *Dolman,* L. R. [3 Eq.], 315; *Burrill* v. *Shiel,* 2 Barb., 457.)

*Carlisle Norwood, Jr.,* for the defendant. The intention of the testator that the legacy should not vest until five years from his death is apparent from his having given the legatee a specific

legacy of seven per cent per annum on $15,000. (1 Roper on Legacies, 581; *Cromek* v. *Lumb*, 3 Young & Cole, 565; *Balsford* v. *Kerbell*, 3 Ves., 363.)

INGALLS, P. J.:

This controversy involves the construction of the last will and testament of Clark Durant, late of the city of New York, deceased, which was executed on the 3d day of September, 1873.

The following questions are submitted by the parties: Was the legacy vested in Oliver Blush at the time of his death?   And are his representatives entitled to the interest and principal of said legacy?   Or has the said administrator any right to receive any money under the said will, and if so, to what extent?   These questions present substantially one inquiry : whether the legacy of $15,000 to Oliver Blush became vested in his life-time, or lapsed in consequence of his death prior to the period prescribed in the will for the payment thereof.

The determination of this question depends mainly upon the construction to be given to the thirtieth item of the will, which is as follows, so far as it affects the question which we are considering: " Thirtieth. I give, devise, and bequeath to my said executors, their heirs and assigns, in trust, $275,000 of the moneys belonging to me, and now invested in bond and mortgage on real estate in the city, county, and State of New York, to have and to hold the same as now invested during the continuance of this trust; and whenever any of the principal sums composing this trust shall be paid, to reinvest the said principal sum in first mortgage railroad bonds that are regularly called at the regular board of stock brokers, in the city of New York; and during the continuance of this trust, and each and every year thereof, to pay annually seven per cent interest upon $40,000 to my nephew, Charles W. Durant, * * * and upon $15,000 to Oliver Blush; * * * said payment of interest to commence in the month of January next ensuing after my decease; and at the expiration of five years from my decease, to pay over the principal sums, upon which the interest hereinbefore has been directed to be paid, to the respective parties to whom said interest money is directed to be paid." .

Clark Durant, the testator, died on the 28th day of February, 1873. Oliver Blush died on the 12th day of February, 1877, and therefore prior to the time fixed by the will for the payment of his legacy of $15,000. After a careful examination of said thirtieth item and the other provisions of said will, and after a consideration of all the facts and circumstances which bear upon the question, we conclude that the legacy in question became vested in Oliver Blush previous to his death, and that his personal representatives became entitled thereto at his decease. First. The sum of $275,000 of certain specified securities is, by the terms of said will, separated from the body of the estate and devoted to a particular purpose. The executors are directed to keep the sum invested, and to pay the interest thereof to the legatees, and at the expiration of five years, from the death of the testator, to pay, to such legatees the sums bequeathed to them respectively. (*Weyman's Ex'rs* v. *Ringold*, 1 Bradf., 40, 42; *Fonereau* v. *Fonereau*, 3 Atkins, 645; *Wheeler* v. *Lester*, 1 Bradf., 213.) Second. The fact that the executors are directed to pay to the legatees annually the entire interest upon the specific amount designed for each legatee, is a strong circumstance in support of the position that the testator intended that the legacies should vest at his death, and not at the expiration of five years thereafter. (*Paterson* v. *Ellis*, 11 Wend., 259 ; *Hoath* v. *Hoath*, 2 Brown's Chy., 4.) In this case the chancellor remarks : " It was impossible now to contend that when the interest of a legacy is given to the legatee until the time of the payment of the principal, *that it is not a vested legacy.*" (*Burrill* v. *Sheil*, 2 Barb., 468, 471; 2 Williams on Executors, 1082, note 1 [5th Am. ed.]; Willard's Eq. Jur., 515; *Hanson* v. *Graham*, 6 Ves. Jr. [Sum. ed.], 239.) The fact that the bequest is to the executors in trust does not prevent the vesting of the legacy. (*Phipps* v. *Williams*, 5 Simons, 44 ; *Bland* v. *Williams*, 3 Mylne & Keene, 411.)

We deem this interpretation in harmony with the entire will, and according to the intention of the testator as gathered therefrom. (See, also, *Everitt* v. *Everitt*, 29 N. Y., 39; *Tucker* v. *Bishop*, 16 id., 402; *Booth* v. *Booth*, 4 Ves. Jr. [Sum. ed.], 399.) The law favors an interpretation which vests a legacy, when it can be

done without violating the clear intention of the testator expressed in, or fairly inferable, from the will.

There must be judgment in favor of the plaintiff. The costs of the parties should be paid out of the estate.

Barrett, J., concurred.

Present — Ingalls, P. J., and Barrett, J.

Judgment ordered for plaintiff; costs of the parties to be paid out of the estate.