NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—July, 1882.

## BRITTIN v. PHILLIPS.

*In the matter of the estate of* BENJAMIN L. BRITTIN, *deceased.*

Testator, by his will, gave to P. one fourth of his residuary estate, and a like share in certain real property, "to have and to hold the same to and for his own use, benefit and behoof forever, subject, however, to and charged with the payment *by him out of the same*," so soon as practicable, and within two year's after testator's death, of specified sums of money to certain persons mentioned. The two years having expired and P. having died before payment, upon an accounting of testator's executors, on which the sub-legatees demanded, and P.'s administratrix resisted, payment of those sums to them,

*Held,* that the testator's disposition was a bequest to P., burdened with sub-legacies in the nature of a condition subsequent; that the executors' duty would be discharged by payment to the primary legatee; and that the surrogate's power was limited to enforcing the performance of that duty.

A surrogate's court is not a court of equity, and has only such stinted authority as has been conferred upon it by statute. The limitation of its jurisdiction, under Code Civ. Pro., § 2472, with respect to enforcing "the payment of debts and legacies,"—declared.

DeWitt v. Schoonmaker, 2 *Johns.*, 244—compared· Wheeler v. Lester, 1 *Bradf.*, 213—distinguished.

THIS was a hearing of exceptions filed by Helen and William M. B. Brittin, sub-legatees under decedent's will, to referee's report on the accounting of William A. Sale

and Aaron G. Byram, the executors. The facts appear sufficiently in the opinion.

N. & M. NILES, *for exceptants.*

E. C. DELAVAN, *for Ellen E. Phillips, administratrix.*

MAN & PARSONS, *for executors.*

THE SURROGATE.—By the will of the testator, one fourth of his residuary estate was given to one Theodore C. Phillips, as was also a like share in certain real property, " to have and to hold the same to and for his own use, benefit and behoof forever, subject, however, to and charged with the payment *by him out of the same,"* and so soon as practicable, and within two years after the death of the testator, of certain sums of money to divers persons, among whom are the present claimants. Phillips died in 1874, and his wife, as his administratrix, represents his interest in the personalty now ready for distribution.

The executors' accounts have been submitted to a referee whose report is on file. Two of the sub-legatees, to whom Mr. Phillips was directed by the will to pay certain moneys, have filed exceptions to this report, insisting that it is erroneous because it contains no finding as to the rate of interest which they should be allowed on their legacies, or as to the period for which such interest should be computed, or indeed as to whether they are entitled to interest at all.

The administratrix of Mr. Phillips not only opposes the allowance of any interest, but insists that such decree of distribution as may be entered upon the referee's report ought not to direct the payment of any sum what-

ever by the executors to any of these sub-legatees. As the will enjoins upon Phillips the payment of the except-ant's claims within two years from the death of the tes-tator, and as those two years have long since elapsed, this court, if it possessed general equity powers, might per-haps protect the interests of these sub legatees by requir-ing the executors to retain for their use that portion of the share applicable to the discharge of the Phillips legacy, to which they are entitled under the will. And especially might such a course be pursued, if it appeared (as it does not appear in the present case), that there were grounds for distrusting the solvency or integrity of the principal legatee or his representative (De Witt v. Schoon-maker, *2 Johns.*, *244*). This court, however, has only such stinted authority as the statutes have conferred, and it seems to me that the question, whether it has power to order the executors to make direct payment to the sub-legatees, differs in no wise from the question whether the executors, in the absence of such an order, are bound by the terms of the will to make distribution in such fashion. It will be noticed that the testator makes no direct be-quest to these claimants. He does not provide that their legacies shall be made payable primarily, or, indeed, at all, out of the general personalty. It was his evident intention that the provision made for Mr. Phillips should be the exclusive source from which these sub-bequests should be satisfied. He thereby exonerated the rest of the estate from liability to discharge them (Salisbury v. Morss, *7 Lans.*, *359; 55 N. Y.*, *675;* Taylor v. Dodd, *58 N. Y.*, *335*).

The provision in favor of Phillips was concededly ac-cepted by him, and the bequests to these claimants and

others similarly situated, were, and continue to remain, a charge upon the estate which he acquired. And besides, he became by such acceptance personally liable for the payment of such bequests, and that liability can now be enforced by action against his representatives (Dodge v. Manning, *1 N. Y., 298;* Kelsey v. Western, *2 N. Y., 500;* Larkin v. Mann, *53 Barb., 267;* Salisbury v. Morss, *7 Lans., 359;* Gridley v. Gridley, *24 N. Y., 135;* Brown v. Knapp, *79 N. Y., 143*). A fund applicable to the payment of Phillips' share in the testator's estate, and more than sufficient to discharge the sub-legacies, is now in the hands of the executors. But are they at liberty to make any disposition of such fund, except to pay it *in toto* to Phillips' representatives?

The testator's provision for these claimants is doubtless of a legatory character (Wheeler v. Lester, *1 Bradf., 213;* Orton v. Orton, *3 Keyes, 488*); and by section 2472 of the Code of Civil Procedure the Surrogate is invested with authority to "enforce the payment of debts and legacies." This jurisdiction, however, is not without its limitations. The Court of Appeals has held, for example, that, in the case of a bequest charged on real estate, the Surrogate is powerless to afford relief to a legatee (Bevan v. Cooper, *72 N. Y., 317*). To ascertain whether, in any particular case, such jurisdiction exists, it is necessary to consider the nature of the legatory disposition and the apparent intention of the testator respecting it; whether the will devolves upon the executor the duty of discharging the gift directly, or whether that charge is imposed on some third person. It seems to me that, where neither the vesting nor the right of possession of a bequest depends upon the fulfillment of a condition precedent, but where its

beneficiary by condition subsequent is required to make some provision for another, the Surrogate's court is not a tribunal in which that other's rights can be enforced. And it does not matter whether such provision is to be made by such beneficiary out of the interest acquired under the will, or whether the will is silent on the subject.

The duty of the executor in either case is discharged when he has made payment to the primary legatee, and the power of the Surrogate is limited to enforcing the performance of that duty. By the express terms of the will, the legacies of these exceptants are made payable by the immediate beneficiary out of his own interest in the estate. Upon his accepting that bequest, he became absolutely entitled to the property burdened with the sub-legacies. Indeed, the will made his possession of such property essential for enabling him to comply with its directions, and thus precluded the notion that any precedent condition was annexed to the bequest.

I hold, therefore, that the executors are solely responsible to the representative of the primary beneficiary for the funds in their hands applicable to the discharge of his claim, and that payment to the administratrix will release them from further liability in the premises (Cooper v. Thornton, *3 Brown Ch., 84, 188;* DeWitt v. Schoonmaker, *2 Johns., 244*).

The facts of the case last cited were very similar to those which are here disclosed. The property was given to a residuary legatee, subject to a certain sub-legacy which he was directed to pay within one year after the death of the testator's widow, and the consequent extinguishment of a life interest which was granted her by

the will.   The sub-legatee brought an action against the executors for his legacy and was non-suited.   Said Judge Tompkins, pronouncing the opinion of the court: "Upon her (the widow's) death, it was clearly the duty of the executors to pay over and deliver the personal estate to the residuary legatee.   Indeed, *he had a right to require* this of them for the express purpose of enabling him to pay this legacy which was charged upon the estate bequeathed and devised to him."

The decision of Surrogate Bradford, in Wheeler v. Lester (*1 Bradf., 213*), may seem at first to be in conflict with these views; but careful comparison between that case and the present will show, I think, that such is not the fact.

In Wheeler v. Lester, a bequest was given to A., burdened with what the testator styled "certain conditions and regulations," one of which was that the beneficiary "give to J. the sum of one thousand five hundred dollars." A.'s right to the possession of his own legacy was held, under all the circumstances, to be dependent upon his first making payment of the subsidiary bequest to J. And the Surrogate deemed it the duty of the executor, *who was himself the primary legatee,* to discharge the sub-legacy before claiming his own interest under the will.   There is nothing in this decision which impairs the authority of DeWitt v. Schoonmaker.

A decree may be entered, directing the executor to pay over to the administratrix of Theodore C. Phillips the full amount of his share, subject to and charged with the payment, out of the same, of the sums bequeathed to these claimants and to others in the same category.