Farnum, S.
Is Clinton Moss, a devisee under the will of the testator, entitled to a distributive share of this estate ?
The first clause of the will is as follows : “ First. After all my lawful debts are paid and discharged, I give and iegueath to Clinton Moss, who is now living with me, his heirs and assigns, all that house, lot, tract and parcel of land where I now reside in the town of Almond, Allegany county, FT. Y, containing about forty acres of land.”
Immediately following this there are sixteen “items” in his will by which he bequeaths to twenty-two persons specific sums of money; each clause of the bequest commences: “ I give and devise.”
The eighteenth clause reads: “ I give and devise all the rest, residue and remainder of my real estate and of my personal estate, goods and chattels of every kind whatsoever, if any there shall be after paying my debts and the legacies hereinafter named to the several legatees hereinbefore named, to be divided between them share and share alike.”
Nine years thereafter the testator made a codicil to said will which was duly admitted to probate with the will, wherein he slightly changed some of the bequests, and which at the end had this clause: “ I have by my last will and testament, *407 referred to above, willed that any remainder or residue of my estate real or personal which may remain after paying debts and legacies,- be distributed among the several legatees share and share alike. Now, therefore, I do by this my writing, which I hereby declare to be a codicil to my said will and testament and to be taken as a part thereof, order and declare that my will is, that such distribution be made, not share and share alike, to the legatees, but pro rata or in proportion" to the several legacies, excepting Elizabeth Leonard and Hattie Belle Ferry who are not to share in such distribution.”
Clinton Moss is the only devisee, and the real property above mentioned is the only real property devised. The testator died leaving a small parcel of land of little value undisposed of in any other way than by such residuary clauses in the will and codicil.
All' the beneficiaries under the will other than said Moss claim that they should take the residuum of the estate and that he should be debarred from any portion of it.
The devisee contends that the testator has not used the words “legatees ” and “legacies” in the sense in which they are generally understood, and points to the places iii the will where he used the word “ devise ” to give personal estate and “ bequeath ” to pass real estate, and from that urges that he did not use such words in their technical sense. This argument assumes that because the testator made a misuse of two words he did not understand the meaning of a third. This is not a legitimate inference, and the devisee’s contention cannot be upheld on this ground.
Strictly speaking, real estate given by will is devised and personal estate is bequeathed. The one receiving real estate is termed a devisee and the one taking personal property a-legatee. One act of giving is a devise, the other a bequest. The person receiving a devise or a bequest is a beneficiary. These distinctions are rarely recognized in wills drawn by those not familiar with legal matters or those careless in the use of words and legal terms. This will presents a familiar *408 illustration of it. Evidently the scrivener had in mind that there was a distinction between a bequest and a devise, but unfortunately had the true meaning of the words reversed. However, there is no difficulty or chance to misconstrue the testator’s meaning in any instance until we reach the residuary clause of the will.
Whenever it becomes necessary to construe or interpret a will the fundamental principle to be kept in view is that the intention of the testator must govern, where it is not inconsistent with the rules of law. Where there is an uncertainty apparent upon the face of the will, as to the application of a.ny of its provisions, the court is bound to discover the intention of the testator, and in so doing it must proceed upon known principles and established rules, not on loose conjectural interpretations, or by considering what a man may be imagined to do in the testator’s circumstances. In other words, the question in expounding a will is not what the testator meant, as distinguished from what.his words express, but simply what is the meaning of the words used by him. But the rule is inflexible, that guesses at the testator’s intention will not be indulged in (Redf. Surr. Pr., 243). “ A testator is always presumed to use the words in which he expresses himself, according to their strict and primary acceptation, unless from the context of the will it appears that he has used them in a different sense, in which case the sense in which he thus appears to have used them, will be che sense in which they are to be construed ” (Wigram on Wills, Proposition I [2 Am. ed., 1872], 58). “ Where there is nothing in the context of a will from which it is apparent that a testator has used the words in which he has expressed himself in any other than their strict and primary sense, and where his words so interpreted are sensible with reference to extrinsic circumstances, it is an inflexible rule of construction that the words of the will shall be interpeted in their strict and primary sense and in no other, although they may he capable of some popular or secondary interpretation, and although the most *409 conclusive evidence of intention to use them in such popular or secondary sense be tendered” (Proposition 11, id., 66). There is nothing in the context of this will making it apparent that the testator used, the words “ legacies ” and “ legatees ” otherwise than according to their strict and primary acceptation or sense. What is the primary meaning of the words legacy and legatee ? Webster defines legacy to be “ a gift by will of personal property, a bequest,” and a legatee as “one to whom a legacy is bequeathed.” Worcester says a legacy is “ a gift of goods and chattels by will or testament; a bequest.” The American Encyclopedia defines a legacy to be “ a gift of any personal property by will.” Chamber’s Encyclopedia says a “ legacy is a bequest or gift contained in the will of a deceased person of a chattel or sum of money or other thing.”
In Orton agt. Orton (3 Keyes, 486, 488) justice Pakkee, writes “every bequest of personal property is a legacy.” “ The word devise is specially appropriate to a gift of lands and the legacy to a gift of chattels,” and he there quotes from several authorities. Williams quotes from Godolphin (pt. 3, chap. 1 sec. 1). “A legacy is defined to be some particular thing or things given or left, either by a testator in his testament wherein an executor is appointed, to be paid or performed by his executor or by an intestate in a codicil or last will, wherein no executor is appointed to be paid or performed by an administrator ” (2 Wms. on Exrs., [6th. Am. ed.], 1113, 1051). Dayton adopts the same definition (Dayton on Surr. [3d. ed.], 396). Jarman quotes the same language (1 Jar. on Wills, [R. & T. ed.], 145).
In Sheppard’s Touchstone we have (vol. 1, p. 400): “A devise, or legacy, is where a man in his testament doth give anything to another; the first of these terms is properly applied to the gift of lands and the last to the gift of goods or chattels; and, therefore, a devise strictly is said to be where a man in his testament doth give his lands to another after his decease; and a legacy is said to be where a man in his testament doth give any chattel *410 to another to have after the death of the testator; but the word is promiscuously applied to the one and to the other. And he that gives by such a will is called the devisor, and he to whom the thing is given, the devisee or legatee.”
Blackstone says: “A legacy is a bequest or gift of goods and chattels by testament, and the person to whom it was given is styled the legatee” (2 Bl. Com., 512).
McClellan writes, citing Orton agt. Orton (supra): “A legacy, in general terms, is a gift, by will of some property other than real estate” (Surr. Pr. [2d ed.], 539).
jRoper writes. “We proceed to consider the import of the word ‘legacy.’ This word, though properly applicable to bequests of personal estate only, has, nevertheless, been extended to property not technically within its import, in order to effectuate the intention, so as to include real property and annuities ” (2 Roper on Legacies [1st Am. ed., 1829], 335).
In Bouvier's Law Dictionary a legacy is defined as “ a bequest or gift of goods or chattels by testament,” and then adds: “ This word, though properly applicable to bequests of personal estate only, has nevertheless been extended to property not technically within this import, in order to effectuate the intention of the testator, so as to include real property and annuities.”
Pratt agt. McGee (17 S. C. Rep., 428; S. C., 3 Am. Prob. Rep., 171) was a case which arose under a statute providing that “if any child should die in the lifetime of the father or mother, leaving issue, any legacy given in the last will of such father or mother shall go to such issue.” The chief object of the testator’s bounty was his son, to whom he gave his entire real estate. The son died in the lifetime of the testator, leaving a widow and children. Upon a partition the children of the deceased devisee claimed that the gift to their father was saved from lapsing by reason of the statute. This claim was denied by the court, it holding that the term “ legacy ” could not be construed to include a devise of real estate, but must be construed to apply only to a gift of per *411 sonalty according to its technical meaning (see, also, Havens agt. Havens, 1 Sandf. Ch., 324 [335] ).
So far as I have been able to discover, wherever it has been held that the word “ legacy ” carried real estate, it has been placed upon the express ground that from the language of the will it appeared evident to the court that the testator had given the word a broader interpretation than would ordinarily be allowed. This is in accordance with Wigram’s First Proposition.
The ordinary as well as technical meaning of the word “ legacy ” is a gift of property by will other than real estate this is its strict and primary sense, and the one generally accepted. This is the meaning that will be attached to the word by the court, unle°s it clearly appear from the will itself that the testator has used the word in a different sense.
In the judgment of the surrogate, the devisee Clinton Moss is not entitled to any portion of the residuary estate,, and it will be distributed to the legatees named in the will in the proportions therein named. A decree will be entered accordingly.